IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EDWARD HENRY WILHELM | § | |
| MARGARET D. WILHELM | § | |
| DEBTOR(S) | § | CASE NO.    04-47651-H5-7 |
| | § | |
| RICK WILHELM | § | |
| CINDY WILHELM | § | |
| PLAINTIFF(S) | § | ADVERSARY NO.  05-3080 |
| | § | |
| VS. | § | |
| | § | |
| EDWARD HENRY WILHELM | § | |
| MARGARET D. WILHELM | § | |
| DEFENDANT(S) | § | |

## MEMORANDUM OPINION REGARDING COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT AND DISCHARGE

Before the Court is the second amended complaint of Rick Wilhelm and Cindy Wilhelm

objecting pursuant to 11 U.S.C. § 523 (a)(2)(A) to the discharge of a debt owed by Edward Henry

Wilhelm and Margaret D. Wilhelm to them and objecting to the discharge of Edward Henry Wilhelm

and Margaret D. Wilhelm pursuant to 11 U.S.C. § 727 (a)(5).  This Court has jurisdiction of this

proceeding pursuant to 28 U.S.C. § § 1334 and 157.  This is a core proceeding.  Following a trial,

this Court concludes that the complaint must be denied for the following reasons:

### I.  Factual and Procedural Background

Plaintiffs Rick and Cindy Wilhelm are husband and wife who reside in Dorr, Michigan.

Chapter 7 debtors Edward (Rick Wilhelm's father) and Margaret Wilhelm are husband and wife who

reside in Houston, Texas.  At all times relevant Edward and Margaret Wilhelm owned and operated a trucking business known as W&F Transportation, Inc.

On June 28, 2000, plaintiffs and debtors entered into a contractual agreement whereby plaintiffs were to purchase a tractor and trailer and lease it to debtors for use in W&F Transportation.[1]  Plaintiffs allege that debtors have not made a  full and fair distribution of income earned by the use of the plaintiffs' equipment, as per the terms of the contract.

Plaintiffs also complain that  $11,000 electronically transferred to debtors was never repaid. Plaintiffs allege that debtors requested an $11,000 loan to cover W&F Transportation's payroll expense.   Debtors deny that the $11,000 transfer was a loan, and claim that the money was given to them to purchase equipment for the plaintiffs' tractor/truck and to help fund the purchase of an additional truck for the plaintiffs.  Plaintiffs deny they authorized such a purchase.  There was no written agreement governing the transfer of the $11,000.

Plaintiffs sued debtors in Texas state court and a judgment was entered against debtors after a jury trial.[2]  Debtors subsequently filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code.

Plaintiffs filed this adversary proceeding on February 14, 2005, and filed their second amended complaint on July 1, 2005.  Plaintiffs contend that debtors committed fraud in the ongoing contractual lease arrangement between the parties, as well as in the request for the  $11,000 loan. Debtors deny committing fraud and contend that the business dealings associated with the lease of

---

[1]At trial, plaintiffs and debtors introduced different versions of this contract, each party maintaining that their version is the true and correct copy of the contract entered into on June 28, 2000.  Determination of which version is the authentic contract is irrelevant to the Court's analysis.

[2]*Cause No. 750,292, County Civil Court at Law No. 1, Harris County, Texas.*

plaintiffs' tractor and trailer were honestly conducted.  Debtors urge that any failure to pay plaintiffs is a breach of contract not fraud.

Both plaintiffs and debtors are seeking attorneys' fees and costs.

## II.  11 U.S.C. § 523 (a)(2)(A)

Section 523 (a)(2)(A) of the Bankruptcy Code provides that a debt will not be discharged if it is "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by...false pretenses, a false representation, or actual fraud...."  11 U.S.C. § 523 (a)(2)(A).

> For a debt to be nondischargeable under section 523(a)(2)(A), the creditor must show (1) that the debtor made a representation; (2) that the debtor knew the representation was false; (3) that the representation was made with the intent to deceive the creditor; (4) that the creditor actually and justifiably relied on the representation; and (5) that the creditor sustained a loss as a proximate result of its reliance.

AT&T Universal Card Servs. v. Mercer (In re Mercer), 246 F.3d 391, 403 (5th Cir.2001).

As creditors, Rick and Cindy Wilhelm must prove each element of their claim of nondischargeability by a preponderance of the evidence.  Grogan v. Garner, 498 U.S. 279, 287, 111 S.Ct. 654 (1991); see also Mercer, 246 F.3d at 403.

Generally, § 523(a)(2)(A) "contemplates frauds involving 'moral turpitude or intentional wrong; fraud implied in law which may exist without imputation of bad faith or immorality, is insufficient.'" Allison v. Roberts (In re Allison), 960 F.2d 481, 483 (5th Cir.1992) (footnote omitted) (quoting 3 Collier on Bankruptcy ¶ 523.08[4], at 523-50 (Lawrence P. King et al. eds., 15th ed. 1989)); see also First Nat'l Bank v. Martin (In re Martin), 963 F.2d 809, 813 (5th Cir.1992) ("[A]ny misrepresentations must be knowingly and fraudulently made."); see also Mercer, 246 F.3d at 407. "A misrepresentation of intention can constitute fraud, although mere inability or failure to perform is not, in itself, sufficient evidence of fraudulent intent."  In re Zachary, 147 B.R. 881, 883 (Bankr.

N.D.Tex.1992) (citing *3 Collier on Bankruptcy* ¶ 523.08 at 523-54 (15th ed. 1991); <u>Allison</u>, 960

F.2d 481). "'Therefore, a mere breach of contract by the debtor without more, does not imply

existence of actual fraud for purposes of the exception to discharge under § 523 (a)(2)(A).'" <u>Id.</u>

(quoting <u>In re Guy</u>, 101 B.R. 961, 978 (Bankr. N.D.Ind.1988)). "Accordingly, a mere promise to be

executed in the future is not sufficient to make a debt non-dischargeable, even though there is no

excuse for the subsequent breach." <u>Id.</u> (quoting <u>In re Barker</u>, 14 B.R. 852, 857 (Bankr.

E.D.Tenn.1981)).[3]

When Edward and Margaret Wilhelm entered into the trucking equipment lease agreement,

they represented their intent to abide by the terms of the agreement. Consequently, to prove fraud

under § 523 (a)(2)(A), plaintiffs must show by a preponderance of the evidence that at the time the

lease agreement was entered into, debtors did not intend to abide by its terms. The Court finds that

plaintiffs have not met this burden. While plaintiffs have shown evidence of debtors' subsequent

breach of the lease agreement, the plaintiffs have not shown by a preponderance of the evidence that

debtors did not intend to abide by the lease terms at the time the lease was entered into.

---

[3]In 1995, the Supreme Court in <u>Field v. Mans</u>, 516 U.S. 59, 116 S.Ct. 437 (1995), promulgated a "federal common-law" standard for determining nondischargeability for fraud under §523 (a)(2)(A). <u>Field</u> charged courts to look to the *Restatement (Second) of Torts* "for the common-law understanding of 'actual fraud.'" <u>Mercer</u>, 246 F.3d at 402-403 (citing <u>Field</u>, 516 U.S. at 70) (applying this common law standard for determination of fraud in credit card transactions). The result of the instant case would be the same under this standard, as section 525 of the *Restatement* states that:

> One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for pecuniary loss caused to him by his justifiable reliance upon the misrepresentation.

Similarly, the Court finds that plaintiffs have failed to show by a preponderance of the evidence that debtors did not intend to abide by the terms of the $11,000 loan at the time the loan agreement was entered into, assuming that the $11,000 transfer was in fact a loan.[4]

Because plaintiffs have failed to sustain their burden of proof by a preponderance of the evidence as to the nondischargeability of the debt, the Court finds the debt to be dischargeable.

### III.  11 U.S.C. § 727 (a)(5)

A court shall not grant a discharge to a debtor if "the debtor has failed to explain satisfactorily ... any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5).  Based on the evidence adduced at trial, the Court finds that debtors have satisfactorily explained any loss or deficiency of assets to meet debtors' liabilities.

### IV.  W&F Transportation

Plaintiffs contend that Edward and Margaret Wilhelm, doing business as W&F Transportation, were a partnership, and that both Edward Wilhelm and Margaret Wilhelm are equally liable for the alleged fraud.  Debtors contend that neither Edward Wilhelm, nor Margaret Wilhelm should be held liable for the actions of W&F Transportation.  Because the Court finds that no fraud occurred in the transactions between the parties, this question is not reached.

### V.  Attorneys Fees

Regarding the parties' requests for awards of attorneys' fees and costs, the general rule is that each party to a lawsuit must bear his or her own costs and the prevailing litigant cannot collect attorneys' fees from the losing litigant.  See, e.g., Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,

---

[4]At trial, debtors presented evidence in the form of credible testimony from Todd Beard, a commercial truck salesman, that Rick Wilhelm in fact authorized the purchase of the second truck, supporting debtors' contention that the $11,000 transfer was not a loan.

421 U.S. 240, 95 S.Ct. 1612 (1975).  There are five specific exceptions to the general rule, none of which apply to the instant proceeding.[5]  Accordingly, neither plaintiffs, nor defendants will be awarded attorneys' fees or costs.

## VI. Conclusion

Based on the foregoing, Rick and Cindy Wilhelm have failed to prove the elements of nondischargeability under 11 U.S.C. § 523 (a)(2)(A) and have failed to prove that Edward and Margaret Wilhelm have failed to satisfactorily explain any loss or deficiency of assets to meet their liabilities under 11 U.S.C. § 727 (a)(5).  A final judgment will be entered accordingly.

Signed this 26th day of March, 2007 at Houston, Texas.

KAREN K. BROWN
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[5]Attorneys' fees are allowed when: 1) they are statutorily authorized; 2) they are contractually provided for; 3) a litigant deliberately disobeyed a court order; 4) a litigant acted in bad faith; and/or 5) a litigant recovers a common fund for the benefit of a group.  See Alyeska, 421 U.S. 240.